Jon T. Dyre (Bar #2884)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT  59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-5292
jdyre@crowleyfleck.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE STATE OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| GEICO GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS L. MAHLEN, JR., JOHN L. WRIGHT, SEAN P. MCDANIEL, MICHAEL V. MAHLEN; and MEGAN N. MAHLEN<br><br>Defendants. | Cause No.:  CV-24-157-BLG-TJC<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, GEICO General Insurance Company ("GEICO"), for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 F.R.Civ.P., and for other relief, states as follows:

## THE PARTIES

1. GEICO is domiciled in Nebraska, and has its principal place of business in Maryland. GEICO is not a Montana corporation, but is licensed to conduct the business of insurance in Montana.

2. Thomas L. Mahlen, Jr., John L. Wright, Sean P. McDaniel, Michael V. Mahlen and Megan N. Mahlen are Montana citizens.

3. Upon information and belief, Michael V. Mahlen is a citizen of Beltrami County, Minnesota.

## JURISDICTION

4. GEICO seeks a declaration the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201 *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure. Defendants are either parties to the insurance policy or may seek recovery under the policy.

5. The defendants are residents of Montana and/or are parties to lawsuits that they filed in Montana and therefore this Court has jurisdiction under Rule 4 M.R.Civ.P. Jurisdiction in Federal Court is proper under 28 U.S.C. § 1332 because there is diversity of citizenship between GEICO and all the Defendants and the amount in controversy is over $75,000, exclusive of interest and costs. The

amount of the damages sought against Mahlen in the *Mahlen* Lawsuit exceed $75,000.

## VENUE

6. Venue is proper in the Billings Division because at least one of the defendants resides in Yellowstone County.  28 U.S.C. § 1391 and Rule 1.2, D. Mont.L.R.

## THE INSURANCE POLICIES

7. GEICO sold a Montana Family Automobile Insurance Policy number 4119-33-45-65 to Thomas L. Mahlen, Jr., and Megan Mahlen ("GEICO Policy").  The effective dates of the policy are July 23, 2022, to January 23, 2023.  A copy of the Policy is attached as Exhibit A.

## GENERAL ALLEGATIONS

8. Coverage under a liability policy is generally determined by the allegations in the complaint against the insureds.

9. On May 10, 2024, Thomas L. Mahlen, Jr., John L. Wright, Sean P. McDaniel, Michael V. Mahlen, filed a complaint ("Complaint") in lawsuit against, among others, Megan N. Mahlen.  The lawsuit is entitled *Thomas L. Mahlen, et. al., v. Megan N. Mahlen, et. al.*, in The United States District Court for the District of Montana, Missoula Division, being Cause No. CV-00063-DLC-KLD ("*Mahlen Lawsuit*"). A copy of the Complaint is attached hereto as Exhibit B.

10. Megan N. Mahlen is a named insured under the GEICO Policy.

11. The Complaint alleges that Tom Mahlen was the alleged victim of the defendants' intentionally organized campaign against Tom in which they installed recording devices, including cameras, in Tom's home and an audio recording device in his vehicle, which purposely and intentionally intercepted private conversations with Tom and others. The "others" include the other Defendants in this case.

12. The Complaint alleges that the campaign began in 2020 when the defendants started a clandestine video surveillance campaign against Tom that continued through 2022. The defendants in the *Mahlen Lawsuit* allegedly installed cameras in Tom's home that recorded Tom while he spoke on the phone, changed clothes, slept, dressed, bathed, disrobed, and otherwise engaged in extremely personal private activities.

13. The Complaint further alleges that from August to October 18, 2022, Megan placed a recording device in Tom's insured auto and recorded 352 cellular phone calls that were made through the vehicle's blue tooth phone connection. Plaintiffs John, Sean, and Mike allegedly engaged in numerous private cellular calls with Tom during this period. Neither Tom nor the others were aware that Megan was intercepting their oral and electronic communications.

14. Tom's phone calls during this time period allegedly included privileged attorney-client phone calls, privileged medical phone calls, confidential business phone calls, other professional phone calls, and personal calls with this friends and family wherein Tom confided his feelings about Megan, her relationship with Crystal, and his strategy for the pending divorce.

15. The Complaint also alleges that defendants in the *Mahlen Lawsuit* listened to the telephone calls and watched the videos. They also allegedly intentionally disclosed the contents of the oral and electronic communications to others, including Megan's attorney, Daniel Ball, of Hendrickson Law Firm. The recordings were then allegedly manipulated to be used against Tom in the divorce proceeding that was filed in 2022. The defendants also allegedly manipulated videos to frame Tom for child abuse in an attempt to create a criminal case against Tom and create leverage in the dissolution matter. Criminal charges were in fact filed against Tom for child abuse. Prosecution of those charges allegedly have been deferred.

16. The Complaint alleges that the other plaintiffs in the *Mahlen Lawsuit* are persons with whom Tom was speaking when his phone calls were recorded. John Wright is an attorney and a former officer and shareholder of Halverson, Mahlen and Wright. Sean McDaniel was a client of Tom's and at least six of Sean's cellular phone calls with Tom were allegedly illegally intercepted by the

defendants. Mike Mahlen is Tom's brother. Fifty-six of Mike's phone calls with Tom were allegedly illegally intercepted by defendants.

17. The Complaint further alleges that all audio recordings of the intercepted oral and electronic communications were intentionally destroyed by Megan or the other defendants in the *Mahlen Lawsuit*, with the exception of a select portion of an August 30, 2022, telephone conversation between Tom and his mother.

18. Megan allegedly later edited and/or modified the illegally acquired recording of the August 30, 2022, communication. Megan allegedly intentionally disclosed the modified version of the communication to Hendrickson and to the Yellowstone County Justice Court in an order of protection matter and later intentionally disclosed the same modified recording to law enforcement. On or about October 27, 2023, Mr. Ball allegedly intentionally disclosed the portion of the August 30, 2022, oral and electronic communication to the court in the divorce proceeding.

19. In addition, Megan allegedly lost or stole Tom's cell phone which contained over 2000 irreplaceable photos and videos of Tom and/or his children, business contacts, privileged communications with clients, and other communication.

20. Megan tendered the defense of the Complaint to GEICO and GEICO is defending Megan under a full reservation of rights.

## CLAIM FOR DECLARATORY JUDGMENT

**1. The Court should declare that the GEICO policy does not cover Tom's claims.**

21. GEICO realleges paragraphs 1 – 21.

22. The Complaint seeks recovery from Ms. Mahlen under the Electronic Communications Privacy Act (ECPA), for unlawful invasion of privacy and wrongful intrusion upon seclusion, and "negligence."

23. The Complaint states that Tom seeks:

   A. Declaratory and Injunctive Relief under the ECPA;

   B. The sum of actual damage including general damages in the form of past and future lost earning capacity, emotional distress, pain and suffering, humiliation, and physical effects and resulting injury;

   C. The utility value of Tom's Galaxy S10 pus the business value of contacts and communications stored on that device arising from his practice, and emotional distress damages for the intrinsic value of date contained in that device, including irreplaceable pictures and video clips of Tome and his children;

   D. Attorney fees and costs under the ECPA;

   E. Punitive damages; and

   F. Unspecified statutory damages for detriment after the suit was filed.

24. The liability portion of the GEICO auto policy states:

> Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
>
> 1. Bodily injury, sustained by a person, and
>
> 2. Damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or a non-owned auto. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

A claim for declaratory and injunctive relief under the ECPA does not fall within this provision.

25.  The GEICO policy defines "bodily injury" as "bodily injury to a person, including resulting sickness, disease or death." This definition does not include emotional damages that give rise to bodily injury. The Complaint does not allege that Tom suffered bodily injury.

26.  The GEICO policy will pay damages the insured becomes legally obligated to pay because of "damage to or destruction of property". There are no allegations of destruction of property other than Tom's phone. Recording and disclosing the contents of phone calls is not damage to or destruction of property. The invasion of the right of privacy or seclusion is not damage to or destruction of property. The violation of the ECPA is not damage to or destruction of property, nor are the statutory damages, attorney fees and costs recoverable under the ECPA. Damage to earning capacity is not damage to or destruction of property.

27. The remaining allegations of damages are too vague to allow Defendants to prove that GEICO owes a duty to defend or indemnify Ms. Mahlen.

28. Tom's alleged injuries did not arise out of the ownership, maintenance or use of an owned auto. The alleged injuries are not the type that can be reasonably expected to occur from the use of a vehicle. They occurred from the use of recorder and a cell phone and from the intentional and illicit manipulation of the recorded calls outside of the vehicle. There are no allegations that the loss of Tom's cell phone was related to the use of insured auto.

29. The GEICO policy excludes coverage for bodily injury or property damage caused intentionally by or at the direction of an insured. The Complaint alleges that the recorder was placed in the insured vehicle as concerted campaign against Tom. The recordings and videos were then intentionally manipulated to be used against Tom in a divorce proceeding and to initiate criminal charges against him. The resulting damages of emotional distress, humiliation and pain and suffering are objectively the type of damages that can be expected to result from Megan's alleged actions, and therefore are not covered.

30. By passing ECPA, Congress has determined that intercepting phone calls and secret recordings are so objectively certain to cause some damages that victims can automatically recover damages. Therefore, recording telephone calls

is also a *per se* intentional act deemed to cause damages and those damages are excluded from coverage.

31. Section 33-15-317 MCA states that: "Insurance coverage does not extend to punitive or exemplary damages unless expressly included by the contract of insurance." The GEICO policy excludes coverage for punitive damages. Therefore, the GEICO policy does not cover Tom's claims for punitive damages.

**2. The Court should declare that the GEICO policy does not cover the claims of John Wright, Sean McDaniel, or Michael Mahlen.**

32. GEICO realleges paragraphs 1 - 31.

33. The Complaint states that John Wright, Sean McDaniel, and Michael Mahlen seek:

> A. Declaratory and Injunctive Relief under the ECPA;
>
> B. The sum of actual damages or in the alternative, statutory damages of whichever is greater of $100 per day for each violation of $10,000 pursuant to 18 U.S.C. § 2520 (c)(2)(B);
>
> C. Reasonable attorney's fees and litigation costs under 18 U.S.C. § 2520 (b)(3);
>
> D. Punitive damages pursuant to 18 U.S.C. § 2520 (b)(2) and Montana law;
>
> E. All damages for damages for detriment resulting after the suit was filed; and
>
> F. All statutory damages allowed by law.

34. A claim for declaratory and injunctive relief under the ECPA is not a claim for bodily injury or property damages as those terms are defined under the GEICO policy.

35. The GEICO policy defines "bodily injury" as "bodily injury to a person, including resulting sickness, disease or death." The complaint does not allege that John Wright, Sean McDaniel or Michael Mahlen suffered bodily injury. The damages awarded for violations of the ECPA are not because of "bodily injury."

36. The GEICO policy will pay damages the insured becomes legally obligated to pay because of "damage to or destruction of property". There are no allegations of destruction of property other than Tom's phone. Recording and disclosing the contents of phone calls is not damage to or destruction of property. The invasion of the right of privacy or seclusion is not damage to or destruction of property. The violation of the ECPA is not damage to or destruction of property, nor are the statutory damages, attorney fees and costs recoverable under the ECPA.

37. The alleged injuries of John Wright, Sean McDaniel, and Michael Mahlen did not arise out of the ownership, maintenance or use of an owned auto. The alleged injuries are not the type that can be reasonably expected to occur from the use of a vehicle. They occurred from the use of recorder and a cell phone and

from the intentional and illicit manipulation of the recorded calls outside of the vehicle.

38. The GEICO policy excludes coverage for bodily injury or property damage caused intentionally by or at the direction of an insured. The Complaint alleges that the recorder was placed in the insured vehicle as concerted campaign against Tom. This is an intentional act. Ms. Mahlen must have known that it takes two people to make a phone call. Therefore, although the identity of the other person may have been unknown, it is objectively certain that illegally recording calls causes damages to all parties to the call.

39. By passing ECPA, Congress has determined that intercepting phone calls and secret recordings are so objectively certain to cause some damages that victims can automatically recover damages. Therefore, recording telephone calls is also a *per se* intentional act deemed to cause damages and those damages are excluded from coverage.

40. Section 33-15-317 MCA states that: "Insurance coverage does not extend to punitive or exemplary damages unless expressly included by the contract of insurance." The GEICO policy excludes coverage for punitive damages. Therefore, the GEICO policy does not cover any claims for punitive damages.

41. The remaining allegations of damages are too vague to allow Defendants to prove that GEICO owes a duty to defend Ms. Mahlen.

3.  **Policy Limits**

    42.   GEICO realleges paragraphs 1 - 41.

    43.   The GEICO policy limits the amount of coverage available on a per person, per occurrence basis. The Complaint alleges that the defendants conspired to plan and execute a campaign against Mr. Mahlen to obtain recordings and video footage to use against Mr. Mahlen in a yet to be filed divorce proceeding. This intentional campaign is a single occurrence.

    44.   The GEICO policy states the limits of coverage apply regardless of the number of motor vehicles insured, the number of polices issued by GEICO, or the number of separate premiums paid.

    45.  The limits of coverage for Plaintiffs would be $500,000 per person, subject to the $1,000,000 single occurrence limit for all bodily injury claims arising from the intentional campaign against Mr. Mahlen.

4.  **GEICO reserves the right to raise addition defenses as additional information becomes known.**

    46.   The foregoing is based upon presently known information. Plaintiff reserves the right to amend its Complaint upon due leave of this Court if required to assert such other and further coverage defenses which may become applicable based upon continuing investigation and discovery.

    WHEREFORE, for reasons stated, Plaintiff requests the following relief:

(1) A judicial declaration that Plaintiff has no actual or potential coverage for, and no duty to defend, Megan Mahlen in the *Mahlen* Lawsuit;

(2) An award of Plaintiff's costs of suit; and

(3) That the Court grant such other and further relief to Plaintiff as this Court deems just and proper.

Dated this 29th day of October, 2024.

_____
Jon T. Dyre
CROWLEY FLECK PLLP
P.O. Box 2529
Billings, MT 59103-2529

*Attorneys for GEICO*